1
2
3
4
5
6                        UNITED STATES DISTRICT COURT
7                              DISTRICT OF NEVADA
8                                      * * *
9    JAMES JEFFERSON KENNER,              Case No. 3:14-cv-00637-MMD-WGC
10                          Plaintiff,
11        v.                                            ORDER

12   JEROME M. POLAHA, MAIZIE W.          (Def.'s Motion to Dismiss – ECF No. 9;
     PUSICH, and JUSTIN CHAMPAGNE,        Def's Motion to Dismiss – ECF No. 11;
13                                        Pl's Motion for Summary Judgment
                          Defendants.            – ECF No. 14;
14                                        Pl's Motion for Summary Judgment
                                                 – ECF No. 15)
15

16   **I.    SUMMARY**

17        Plaintiff James Jefferson Kenner, proceeding *pro se*, filed this suit against two

18   public defenders and a judge involved in a 2006 case in the Second Judicial District

19   Court in Washoe County, wherein Kenner plead guilty to driving under the influence of

20   alcohol. Kenner alleges various constitutional violations on the part of his attorneys and

21   the judge presiding over his case. Defendants Pusich and Champagne jointly filed a

22   Motion to Dismiss. (ECF No. 9.) Defendant Judge Polaha also filed a Motion to Dismiss.

23   (ECF No. 11.) Kenner did not respond to either motion but filed two Motions for

24   Summary Judgment. (ECF Nos. 14, 15) Defendants have filed responses to both

25   Motions for Summary Judgment. (ECF No. 16, 19.) Having reviewed these documents

26   and based on the reasons set out below, Defendants' Motions to Dismiss (ECF Nos. 9,

27   11) are granted and Kenner's Motions for Summary Judgment (ECF Nos. 14, 15) are

28   denied.

## II.   BACKGROUND

On December 6, 2005, Kenner was charged with one count of felony driving under the influence (Kenner was charged with a felony because it was his third such offense). (ECF No. 11-1.) At a hearing before Judge Jerome Polaha of the Second Judicial District Court of the State of Nevada, Kenner pleaded guilty pursuant to a plea agreement. (ECF No. 11-3.) During the hearing, Kenner acknowledged that he had reviewed the terms of the agreement and understood the possible range of punishment was between 24 and 180 months in prison and a fine from $2,000 to $5,000. (*Id.* at 7-8.) Kenner was later sentenced to a term of 60 to 180 months in prison. (ECF No. 11-4.)

Kenner appealed his conviction, and on January 23, 2008, the Nevada Supreme Court dismissed the appeal as untimely. (ECF No. 11-5.) Kenner filed a state habeas corpus petition based in part on the same arguments presented in this suit. His petition was denied, and the denial was affirmed by the Nevada Supreme Court. (ECF Nos. 11-6, 11-7.) Kenner later filed a habeas corpus petition in this Court. (ECF No. 11-8.) That petition was also denied, and the denial was affirmed by the Ninth Circuit on appeal. (ECF No. 11-10.)

Kenner filed this suit alleging his public defenders fraudulently altered his plea deal after he had agreed to it and failed to provide him with adequate counsel, and that Judge Polaha improperly sentenced him based on the invalid plea deal. (ECF No. 1-1 at 2.) He alleges their conduct violated the Fifth, Sixth Eight, Thirteenth, and Fourteenth Amendments of the U.S. Constitution, as well as portions of the Nevada Constitution. (*Id.* at 4-6.) Kenner seeks $7.5 million in damages. (*Id.* at 9.)

## III.   LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and

conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged — but not shown — that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).

Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir.2011); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990). Though pro se pleadings are to be liberally construed,

3

1    a plaintiff must still present factual allegations sufficient to state a plausible claim for
2    relief. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir.2010).

3    **IV.     DISCUSSION**

4          **A.     Defendant Judge Polaha**

5          Kenner alleges that Judge Polaha "acted willfully, in bad faith, with malice to"
6    violate his rights when the judge sentenced him pursuant to the plea agreement. (ECF
7    No. 1-1 at 4.) His claim is based solely on actions Judge Polaha took while acting in his
8    official judicial capacity.

9          It is well established that judges who perform judicial functions are immune from
10   suit. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam). "Accordingly, judicial
11   immunity is not overcome by allegations of bad faith or malice, the existence of which
12   ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.* at 11
13   (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). In *Mireles*, the United States Supreme
14   Court explained the rationale for giving judicial officers absolute immunity:

15           Although unfairness and injustice to a litigant may result on occasion, "it is
        a general principle of the highest importance to the proper administration of
16           justice that a judicial officer, in exercising the authority vested in him, shall
        be free to act upon his own convictions, without apprehension of personal
17           consequences to himself."

18   *Id.* (quoting *Bradley v. Fisher*, 13 Wall. 335, 347, 20 L. Ed. 646 (1872)).

19         The entirety of Kenner's claims against Judge Polaha stem from actions taken in
20   his official capacity, namely accepting Kenner's guilty plea and sentencing him.
21   Therefore, the claim is barred by judicial immunity, and Polaha's Motion to Dismiss is
22   granted. Kenner's claims against Judge Paloha are dismissed with prejudice.

23         **B.     Defendants Pusich and Champagne**

24           **1.     State Action**

25         18 U.S.C. § 1983 allows plaintiffs to sue state actors for violations of their
26   constitutional rights. As an initial matter, based on the allegations in Kenner's complaint,
27   neither Pusich nor Champagne were acting as state actors. Both were working as public
28   defenders which are typically not state actors for the purposes of § 1983. *Miranda v.*

*Clark County*, 319 F.3d 465, 468 (9th Cir.2003) (citing *Polk County v. Dodson*, 454, U.S. 312 (1981)). Therefore, any claims based on constitutional violations allegedly committed by Pusich and Champagne must be dismissed with prejudice.

### 2.     Heck Bar

To the extent that any claims remain against Pusich or Champagne, they are barred by the *Heck* doctrine. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486-87. "A claim for damages bearing that relationship to a conviction or sentence that has not been . . . invalidated is not cognizable under § 1983." *Id.* at 487. "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

Kenner's claims, if accepted, "would necessarily imply the invalidity of his conviction" and he has not shown that his conviction has been invalidated. Therefore, his claims are barred by *Heck*, and Pusich and Champagne's Motion to Dismiss must also be granted on this ground.

## V.     CONCLUSION

Accordingly, it is hereby ordered that Defendants Pusich and Champagne's Motion to Dismiss (ECF No. 9) is granted. All claims against them are dismissed with prejudice.

It is further ordered that Defendant Judge Polaha's Motion to Dismiss (ECF No. 11) is granted. All claims against him are also dismissed with prejudice.

1    It is further ordered that Plaintiff's two Motions for Summary Judgment (ECF Nos.

2   14, 15) are denied as moot.

3    The Clerk is ordered to enter judgment in accordance with this Order and close

4   this case.

5    DATED THIS 20th day of September 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

6